# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| In the Matter of the Marriage of: | No.  58041-1-II |
| DEWEY KINKADE, | |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| BRENT C. KINKADE, | |
| Appellant. | |

PRICE, J. — Brent C. Kinkade appeals the superior court's contempt order.  The record on appeal is insufficient to allow for us to review Brent's[1] appeal.  Accordingly, we affirm.

## FACTS

In July 2021, the superior court apparently entered final orders dissolving the marriage between Brent and Dewey Kinkade based on a CR 2A agreement.  Over eighteen months later, on February 21, 2023, the superior court found Brent in contempt for failing to pay child support and spousal support.  The superior court entered judgment against Brent for past due child support and spousal support with interest and ordered Brent to pay Dewey's attorney fees.

Brent appeals.

---

[1] We refer to the parties by their first names for clarity.  We intend no disrespect.

ANALYSIS

On appeal, Brent focuses on conduct from 2021 that occurred when negotiating the dissolution, not the 2023 order on contempt. He argues that Dewey committed perjury by claiming she had no income when negotiating the agreement for the final orders in the dissolution. Brent appears to argue that he should not have been required to pay child support or spousal support in the first place and, accordingly, should not have been held in contempt over eighteen months later when he failed to pay it. Brent now asks us to consider newly discovered evidence and find Dewey guilty of first degree perjury for the purposes of financial gain and, as a penalty, reduce the amount of child support and spousal support awarded to $0.

Here, separate from whether or not Brent requests appropriate remedies, the record that has been designated on appeal is insufficient for our review. "The appellant has the burden of perfecting the record so that the court has before it all the evidence relevant to the issue." *In re Marriage of Haugh*, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990); RAP 9.2(b). The record that has been designated on appeal is limited to only (1) findings and conclusions about a marriage that has not been signed by a judge, (2) an order to enter final orders based on a CR 2A agreement that has not been signed by a judge, (3) the contempt order being appealed, (4) a proposed child support worksheet filed four months after the contempt order, and (5) a sealed financial document also filed four months after the contempt order. No verbatim reports of proceedings were filed. This record is insufficient for us to review Brent's appeal. *See Olmsted v. Mulder*, 72 Wn. App. 169, 183, 863 P.2d 1355 (1993) ("We cannot reach the merits of [appellant's] arguments because he has failed to provide us with a sufficient trial record."), *review denied*, 123 Wn.2d 1025 (1994).

No. 58041-1-II

Moreover, we note that Brent's arguments primarily relate to the 2021 dissolution orders, which appear to have become final over two years ago. A review of court records does not show the orders were ever appealed. *See* RAP 5.2(a) (generally a notice of appeal must be filed within 30 days after entry of the decision a party wants reviewed).

Accordingly, the superior court's order is affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

CHE, J.